*402 Opinion of the Court, by
Judge Mills.
THIS is an action of covenant, brought on an instrument of writing which reads as follows, in substance:
“ For the hire of five negro men from this time until the 10th day of December next, I, Thomas Hughes, do promise to pay to John U. Waring, or order, the sum of five hundred and sixty dollars, as the said Waring may wish it, not exceeding the sum of eighty dollars in each month, and all, without defalcation, at the end of the term of service, to wit, on the 10th day of December next; at which time I am to return the said negroes to the said Waring, well shod, with new, strong, double-soaled shoes, and in the mean time I am to keep them well shod, and have them well treated in every respect, and not to suffer them to be abused in any manner whatever; and if any of them be taken sick, I am to have them particularly attended to, and advise the said Waring of such ill health immediately; and should the said boys, or any of them, be ill for any considerable length of time, the said Waring is to make a proportionate deduction for the time so lost, and is also to furnish the said negroes with all their clothing, except shoes, which the said Hughes is to furnish.”
This instrument is signed and sealed by Hughes, and judgment was rendered thereon in favor of Waring; to reverse which, this writ of error is prosecuted.
The cause was tried on the issue of covenants performed. The first error assigned is, that the court improperly overruled a motion for a continuance, made before trial. This motion was founded on an affidavit, and as there had been a previous continuance granted to the plaintiff in error, the affidavit properly disclosed the facts intended to be proved by an absent witness, who was summoned, but did not attend. The facts expected to be proved by the witness, were, that the negroes hired were sick and unable to labor for seventy-two days, which time ought to be credited; and that the defendant in error had taken the slaves out of his possession, about two months before the time expired, *403 and had never restored them, for which time he likewise claimed a credit. The defendant in error then admitted and gave credit for the seventy-two days, and relinquished his right of recovery on all the breaches assigned, except those which went for the payment of the hire; whereupon the court below overruled the continuance, and caused the trial to progress.
But this does not apply to a case where the faulty assignments are merely abortive attempts to assign the same matter in a different manner, which is well assigned in the other breaches.
It is evident that the defendant in error gave the plaintiff the benefit of every thing which he could prove by the absent witness, except the deduction for the two months at the latter part of the time of service; and whether the court below ought to have granted the continuance, for the purpose of allowing the plaintiff in error to prove this, depends upon the question, whether this matter could have been given in evidence in mitigation of damages. It is evident, that this proof went to show a partial failure of consideration, which cannot be shown, in a case of this kind, even by plea; and, therefore, it must be inadmissible in lessening the damages. If it could be admitted in this case, the consideration might be attacked in the same way in every case, which is against the settled rules which govern this action. The damages sustained by the plaintiff in error, by removing the negroes from his possession, might be greater than their hire for that period; and, on his part of the contract, he might have his action, in which he might recover damages commensurate with the injury. To such action he ought to resort, instead of setting part of it off against the damages to which he was subject in this case. The court below, therefore did right in refusing to continue the cause, for the purpose of adducing evidence wholly inadmissible.
The plaintiff in error filed sundry special pleas, which were demurred to and overruled. It is not deemed necessary to recite them here, as almost all of them go to the consideration of the covenant, and did not show a total failure of consideration—a defect often decided by this court to be fatal. One of them, however, alleged that the defendant in error did not furnish the negroes with clothing, as agreed on his part. But, as this stipulation was not a condition precedent on the part of the defendant in error, and was only a failure for which the plaintiff could have his action, it furnished no good defence in this suit, and was therefore properly overruled by the court.
*404 It is assigned for error, that the breaches, or some of them, set forth in the declaration, are not good; that all of them are abandoned of record, except those with regard to the non-payment of the money; and if they, or either of them, are not well assigned, the verdict, being a general one, cannot be sustained.
One of these breaches charges that the plaintiff in error “had failed to pay the five hundred and sixty dollars, or any part thereof, on the 10th day of December 1819, as he was bound to do, nor has he paid any of it since.” This breach, though informally, is substantially well assigned, and must, we apprehend, be sustained as a good breach.
There is an attempt to assign this breach in another way, and to charge the plaintiff in error with the nonpayment of the money by instalments; and is to the following effect: “He (the plaintiff in error) did not pay the said sum of money in parcels not exceeding eighty dollars per month, within each month of the said term of hire of the said negroes, as he was bound to do, although frequently requested so to do.” It is evident, that to bind the plaintiff in error to pay a proportion of the money every month, it was necessary for the defendant to signify his wish, or, in other words, to make a special request to that effect, at each period; and this special request at each time, ought to have been specially alleged, to have charged the plaintiff in error; and for the want of such request, this breach is deemed insufficient.
It is a well settled rule in covenant, that if there be some breaches well, and others ill assigned, and the verdict is general, and not confined to the good breaches, the judgment must, for that cause, be reversed. It must, however, be confessed, that although this rule has strong reason and authority for its support, yet it is somewhat technical, and, in some instances, its exercise may operate to the delay or embarrassment of justice. Ought it, then, to be extended to a case where the bad breaches are but an attempt to charge the opposite party with the same injury with which he is charged by the breaches well assigned? We conceive not. As we have said, the defendant in error had alleged the non-payment of the money, which ought to have been made at the end of the term, at all events, sufficiently well; and his second attempt to charge him, *405 in another manner, with the same thing, has proved abortive. What he has well done, ought not to be affected by his misdoings, which had the same object in view; but the latter must be accounted surplusage, and, as such, will not vitiate the former.
We, therefore, perceive no error in the decision of the court below, and the judgment must be affirmed with costs.